JOEL N. KLEVENS - State Bar No. 45446
jklevens@glaserweil.com
JAMES T. GRANT - State Bar No. 155831
jgrant@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants
EAST WEST BANCORP, INC.
and EAST WEST BANK

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAE H. LORENZ; WILLIAM E. WARD; PAULA AND STEVEN TAMKIN; SUE HAYNES; RICHARD T. COLE; WILLIAM H. WOOLBRIGHT; IRVING B. RUPPEL; KENNETH NELSON; MICHAEL CHARPENTIER; LORALEE FREILICH; and LORETTA J. ALMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> EAST WEST BANCORP INC., a Delaware Corporation; EAST WEST BANK, a California Corporation; MICHAEL GUREVICH, an individual; WILLIAM KENT, an individual; SAMSON EMELIANOV, an individual; CHARTER INVESTMENTS, INC., a Wyoming Corporation; and DOES 1-200, <br><br> Defendants. | Case No. <br><br> NOTICE OF REMOVAL <br><br> Complaint Filed: July 28, 2015 <br> Trial Date: None Set |

Glaser Weil

1061706

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS THROUGH THEIR COUNSEL OF RECORD HEREIN:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants East West Bancorp, Inc. and East West Bank (collectively, "Defendants") hereby remove this action from the Superior Court of the State of California in and for the County of Los Angeles, which is the judicial district in which the action is pending, to the United States District Court for the Central District of California.

<u>DIVERSITY JURISDICTION</u>

1.      This Court has original jurisdiction over this action and the action may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1), (2) and (b) exists because this action is between citizens of different states and/or subjects of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This case arises from a purported Ponzi scheme allegedly perpetrated by defendant Charter Investments, Inc., a customer of defendant East West Bank, along with named individual defendants against plaintiffs, who were not customers of East West Bank and who allegedly invested in Charter Investments, Inc. Plaintiffs claim in excess of $4,000,000 in damages.

<u>This Notice of Removal is Timely</u>

2.      On or about July 28, 2015, plaintiffs Rae H. Lorenz, William E. Ward, Paula and Steven Tamkin, Sue Haynes, Richard T. Cole, William H. Woolbright, Irving B. Ruppel, Kenneth Nelson, Michael Charpentier, Loralee Freilich and Loretta J. Alman (collectively, "Plaintiffs") commenced this action by filing the complaint ("Complaint") in the Superior Court of the State of California for the County of Los Angeles, entitled *Rae H. Lorenz, et al. v. East West Bancorp Inc., et al.*, Los Angeles Superior Court, Case No. BC589432 (the "State Action"). A true and correct copy of the Complaint is attached hereto as Exhibit 2. On August 13, 2015, Plaintiffs

1   personally served Defendants with process. Accordingly, this Notice of Removal is

2   timely pursuant to 28 U .S.C. § 1446(b)(1).

3   <u>Complete Diversity Exists Between Plaintiffs and Defendants</u>

4       3.    Complete diversity exists between Plaintiffs, on the one hand, and

5   Defendants, on the other hand, because, according to the Complaint, Plaintiffs are

6   citizens of various states outside of California and Defendants are either citizens of

7   California, citizens of states other than the states in which Plaintiffs reside, or

8   subjects of a foreign country.

9       4.    Specifically, Plaintiffs are citizens of the following states: (a) Rae H.

10   Lorenz, an individual, resides in Lincolnton, <u>North Carolina</u> (Complaint, ¶ 3); (b)

11   William E. Ward, an individual, resides in Cantonment, <u>Florida</u> (Complaint, ¶ 4); (c)

12   Paula Tamkin and Steven Tamkin, individuals, reside in Wallkill, <u>New York</u>

13   (Complaint, ¶ 5); (d) Sue Haynes, an individual, resides in Seattle, <u>Washington</u>

14   (Complaint, ¶ 6); (e) Richard T. Cole, an individual, resides in Salem, <u>Ohio</u>

15   (Complaint, ¶ 7); (f) William H. Woolbright, an individual, resides in Siloam

16   Springs, <u>Arizona</u> (Complaint, ¶ 8); (g) Irving B. Ruppel, an individual, resides in

17   Kenmore, <u>New York</u> (Complaint, ¶ 9); (h) Kenneth Nelson, an individual, resides in

18   Duluth, <u>Minnesota</u> (Complaint, ¶ 10); (i) Michael Charpentier, an individual, resides

19   in Norwalk, <u>Connecticut</u> (Complaint, ¶ 11); (j) Loralee Freilich, an individual, resides

20   in Sante Fe, <u>New Mexico</u> (Complaint, ¶ 12); and (k) Loretta Alman, an individual,

21   resides in Byron, <u>Georgia</u> (Complaint, ¶ 13).

22       5.    Defendants are not citizens of any state in which Plaintiffs, or any of

23   them, reside. Specifically, defendant East West Bancorp Inc. is incorporated in

24   <u>Delaware</u> with its principal place of business in Pasadena, <u>California</u>. (Complaint, ¶

25   14.) Defendant East West Bank is a <u>California</u> corporation with its principal place of

26   business in Pasadena, <u>California</u>. (Complaint, ¶ 15.) Defendant Michael Gurevich, an

27   individual, resides in Belmont, <u>California</u>. (Complaint, ¶ 16.) Defendant Samson

28   Emelianov, an individual, resides in <u>Russia</u>. (Complaint, ¶ 17.) Defendant William

**Glaser Weil** (vertical, left margin)

1  Kent, an individual, resides in Los Angeles, <u>California</u>. (Complaint, ¶ 18.) Defendant

2  Charter Investments, Inc. is a <u>Wyoming</u> Corporation with its principal place of

3  business in Beverly Hills, <u>California</u>. (Complaint, ¶ 19.)

4       6.     Accordingly, there is complete diversity between Plaintiffs, on the one

5  hand, and Defendants, on the other hand, under 28 U.S.C. § 1332(a)(1), (2) and

6  (c)(1).

7       <u>Amount in Controversy Exceeds $75,000</u>

8       7.     In the "Prayer for Relief" section of the Complaint, Plaintiffs allege

9  special damages in excess of $4,000,000, exclusive of interest and costs. (Complaint

10  at 21, ¶ 2.) Accordingly, notwithstanding Defendants' denial that Plaintiffs are

11  entitled to any relief against Defendants, the amount in controversy exceeds $75,000,

12  exclusive of interest and costs.

13       <u>ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET</u>

14       8.     Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and

15  orders served on Defendants in the State Action must be attached to the Notice of

16  Removal. Accordingly, the following documents served on Defendants by Plaintiffs

17  are attached, as follows:

18       Exhibit 1: Summonses;

19       Exhibit 2: Complaint;

20       Exhibit 3: Civil Case Cover Sheet with Addendum;

21       Exhibit 4: Notice of Case Assignment;

22       Exhibit 5: Voluntary Efficient Litigation Stipulations;

23       Exhibit 6: Minute Order re Court Ruling re Complex Determination.

24       9.     This Notice of Removal is properly filed in the Central District of

25  California pursuant to 28 U.S.C. § 1446(a).

26       10.     Upon information and belief, and exercising reasonable diligence

27  including review of the docket in the State Action as of the date of filing this Notice

28  of Removal, no other defendant has been served with the Summons and Complaint as

*Glaser Weil*

1061706

1  of that date. Therefore, co-defendants Michael Gurevich, William Kent, Samson

2  Emelianov and Charter Investments, Inc. are not required to join or otherwise consent

3  to this Notice of Removal. *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423,

4  1429 (9th Cir. 1984) (non-served co-defendants need not be joined or otherwise

5  consent to notice of removal); *see also Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084,

6  1089 (E.D. Cal. 2007) ("[Removing] [d]efendants exercised . . . reasonable diligence

7  by checking the Kern County Superior docket to ascertain whether or not other

8  named defendants had been served prior to filing their notice of removal.").

9      11.    Based on the foregoing, Defendants respectfully remove the State

10  Action to this United States District Court pursuant to 28 U.S.C. §§ 1332, 1441 and

11  1446.

12

13  DATED:  August 19, 2015                   GLASER WEIL FINK HOWARD
                                              AVCHEN & SHAPIRO LLP
14

15                                           By: _____

16                                           JOEL N. KLEVENS
                                             Attorneys for Defendants
17                                           EAST WEST BANCORP, INC.
                                             and EAST WEST BANK

18

19

20

21

22

23

24

25

26

27

28

1061706

# EXHIBIT 1

East West Bank

Received by: _Arulie Trai Hoo_

**SUMMONS**
*(CITACION JUDICIAL)*

AUG 13 2015
Time: _3:30pm_

Circle: US Mail, Certified, Fed X,
Walk-In or Other:

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

SUM-100

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 28 2015

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EAST WEST BANCORP INC., a Delaware Corporation
ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RAE H. LORENZ
ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

County of Los Angeles - Stanley Mosk Courthouse
111 North Hill Street Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):* BC 589432

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven M. Nunez, Esq | WARD & HAGEN 440 Stevens Ave, Ste 350 Solana Beach, CA 92075 858.847.0505

DATE: _____
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: East West Bancorp Inc. A Delaware corporation

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lorenz, et al v. East West Bancorp., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[✓] Plaintiff     [ ] Defendant     [ ] Cross-Complainant     [ ] Cross-Defendant

WILLIAM E. WARD; PAULA AND STEVEN TAMKIN; SUE HAYNES; RICHARD T. COLE;
WILLIAM H. WOOLBRIGHT; IRVING B. RUPPEL; KENNETH NELSON; MICHAEL CHARPENTIER;
LORALEE FREILICH; and LORETTA J. ALMAN

Page __2__ of __3__

Page 1 of 1

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lorenz, et al v. East West Bancorp., et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

EAST WEST BANK, a California Corporation; MICHAEL GUREVICH, an individual; WILLIAM KENT, an individual; SAMSON EMELIANOV, an individual; CHARTER INVESTMENTS, INC., a Wyoming Corporation; and DOES 1 – 200.

Page 3 of 3

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

East West Bank

Received by: _Annie Tsai #105_

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

AUG 1 3 2010

Time: _3:30 pm_

Circle: US Mail, Certified, Fed X,
Walk in or Other

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 2 8 2015

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EAST WEST BANCORP INC., a Delaware Corporation
ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RAE H. LORENZ
ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California<br><br>County of Los Angeles - Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 5 8 9 4 3 2** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Steven M. Nunez, Esq | WARD & HAGEN 440 Stevens Ave, Ste 350 Solana Beach, CA 92075 858.847.0505

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* East West Bank, A California corporation

   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lorenz, et al v. East West Bancorp., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

WILLIAM E. WARD; PAULA AND STEVEN TAMKIN; SUB HAYNES; RICHARD T. COLE;
WILLIAM H. WOOLBRIGHT; IRVING B. RUPPEL; KENNETH NELSON; MICHAEL CHARPENTIER;
LORALEE FREILICH; and LORETTA J. ALMAN

Page 2 of 3

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lorenz, et al v. East West Bancorp., et al. | |

INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (*Check only one box. Use a separate page for each type of party.*):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

EAST WEST BANK, a California Corporation; MICHAEL GUREVICH, an individual; WILLIAM KENT, an individual; SAMSON EMELIANOV, an individual; CHARTER INVESTMENTS, INC., a Wyoming Corporation; and DOES 1 – 200.

Page   3   of   3

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) (Rev. January 1, 2007)

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

# EXHIBIT 2

<pre>
 1   Peter C. Ward, Esq.         SBN 126459
     Christopher H. Hagen, Esq.  SBN 179529
 2   Steven M. Nuñez, Esq.       SBN 185421
     WARD & HAGEN, LLP
 3   440 Stevens Avenue, Suite 350
 4   Solana Beach, California 92075
     Telephone:  (858) 847-0505
 5   Facsimile:  (858) 847-0105
</pre>

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 2 8 2015

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

 6   *Attorneys for Plaintiffs*

 8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

 9          COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION

| | |
|---|---|
| 11  RAE H. LORENZ; WILLIAM E. WARD; PAULA AND STEVEN TAMKIN; SUE HAYNES; RICHARD T. COLE; WILLIAM H. WOOLBRIGHT; IRVING B. RUPPEL; KENNETH NELSON; MICHAEL CHARPENTIER; LORALEE FREILICH; and LORETTA J. ALMAN  Plaintiffs,  vs.  EAST WEST BANCORP INC. a Delaware Corporation; EAST WEST BANK, a California Corporation; MICHAEL GUREVICH, an individual; WILLIAM KENT, an individual; SAMSON EMBLIANOV, an individual; CHARTER INVESTMENTS, INC., a Wyoming Corporation; and DOES 1 – 200.  Defendants. | CASE NO.:  BC 5 8 9 4 3 2  Judge:  Dept:  COMPLAINT  1. CONVERSION  2. AIDING AND ABETTING CONVERSION  3. BREACH OF FIDUCIARY DUTY  4. AIDING AND ABETTING BREACH OF FIDUCIARY DUTY  5. FRAUD  6. AIDING AND ABETTING FRAUD,  7. VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.)  DEMAND FOR JURY TRIAL |

INTRODUCTION

Plaintiffs, RAE H. LORENZ, WILLIAM E. WARD, PAULA AND STEVEN TAMKIN, SUE HAYNES, RICHARD T. COLE, WILLIAM H. WOOLBRIGHT, IRVING

1

COMPLAINT

1   B. RUPPEL, KENNETH NELSON, MICHAEL CHARPENTIER, LORALEE FREILICH

2   and LORETTA J. ALMAN, are victims of a financial investment fraud who paid money for

3   fraudulent certificates of deposit allege as follows:

### JURISDICTION AND VENUE

5       1.      This case has been filed in this Court because a substantial part of the acts and

6   omissions complained of took place in the county of Los Angeles.  Venue as to the Defendant is

7   proper in this judicial district pursuant to the provisions of section 17203 of the California Business

8   and Professions Code, and Section 395(a) and 395.5 of the California Code of Civil Procedure.  Each

9   Defendant is within the jurisdiction of the Court for purposes of service of process, and many of the

10  unfair, unlawful and/or fraudulent acts committed and pursuant to the actions hereinafter alleged had a

11  direct effect within the State of California and, more particularly, within the County of Los Angeles.

12      2.      Each Defendant maintains an office, transacts business, has an agent, or is found in the

13  County of Los Angeles.  Each Defendant is within the jurisdiction of the Court for purposes of service

14  of process, and many of the unfair, unlawful and/or fraudulent acts committed occurred here.

### PARTIES

16      3.      Plaintiff RAE H. LORENZ is an individual and resides in Lincolnton, North Carolina.

17      4.      Plaintiff WILLIAM E. WARD, is an individual and resides in Cantonment, Florida.

18      5.      Plaintiffs PAULA TAMKIN and STEVEN TAMKIN are individuals and residing in

19  Wallkill, New York.  PAULA TAMKIN and STEVEN TAMKIN are married.

20      6.      Plaintiff SUE HAYNES is an individual residing in Seattle, Washington.

21      7.      Plaintiff RICHARD T. COLE is an individual residing in Salem, Ohio.

22      8.      Plaintiff WILLIAM H. WOOLBRIGHT is an individual residing in Siloam Springs,

23  Arizona.

24      9.      Plaintiff IRVING B. RUPPEL is an individual residing in Kenmore, New York.

25      10.     Plaintiff KENNETH NELSON is an individual residing in Duluth, Minnesota.

26      11.     Plaintiff MICHAEL CHARPENTIER is an individual residing in Norwalk,

27  Connecticut.

28      12.     Plaintiff LORALEE FREILICH is an individual residing in Santa Fe, New Mexico.

13.    Plaintiff LORETTA ALMAN is an individual residing in Byron, Georgia.

14.    Defendant EAST WEST BANCORP INC., a Delaware Corporation, is a bank holding company with its principal place of business in Pasadena, California.

15.    Defendant EAST WEST BANK, is a California Corporation with its principal place of business in Pasadena, California.  East West Bank is a wholly owned subsidiary of East West Bancorp Inc.

16.    Defendant MICHAEL GUREVICH is an individual residing in Belmont, California.

17.    Defendant SAMSON EMELIANOV is an individual residing in Russia.

18.    Defendant WILLIAM KENT is an individual residing in Los Angeles County.

19.    Defendant CHARTER INVESTMENTS, INC., is a Wyoming Corporation with a principal place of business in Beverly Hills, California.

20.    Defendants DOES 1 through 200, inclusive, whether individual, corporate, associate, alter ego, or otherwise, are fictitious names of Defendants whose true names and capacities, at this time, are unknown to Plaintiffs; Plaintiffs are informed and believe and thereupon allege that at all times herein mentioned, each Defendant sued herein as a DOE was acting for itself or its agent, servant, employee, and/or alter ego of its Co-Defendants, and in doing the things hereinafter mentioned, was acting in the course and scope of its authority as such agent, servant, employee, and/or alter-ego, and with the permission and consent of its Co-Defendants; and that each of said fictitiously named Defendants, whether acting for itself or as agents, corporations, associations, or otherwise, is in some way liable or responsible to Plaintiffs on the facts hereinafter alleged, and caused injuries and damages proximately thereby, as hereinafter alleged, and at such times as Defendants' true names and capacities become known to Plaintiffs, Plaintiffs will ask leave of this court to amend this Complaint to insert said true names and capacities.

21.    Plaintiffs are informed and believe and thereupon allege that at all times herein mentioned, Defendant and DOES 1 through 200, inclusive, and each of them, were acting as agents, servants, alter egos, and employees of each other, and were acting within the full course and scope of their agency, servancy, and employment, with the full knowledge and consent, either expressed or implied, of either of the other Defendants and DOES 1 through 200, inclusive, and each of them.

1 (Defendants and DOES 1-200, inclusive, and each of them are hereinafter collectively referred to

2 herein as "Defendants").

3      22.    Plaintiffs are informed and believe and thereupon allege that at all times relevant

4 herein, Defendants and each of them were and are inadequately capitalized and have no genuine or

5 separate existence, but were and are used and are existing for the sole purpose of permitting the other

6 Defendants to transact a portion of their business under a separate guise.

7      23.    At all times mentioned herein, Defendants and each of them completely controlled,

8 dominated, managed, and operated the other Defendants and intermingled their assets with the assets

9 owned by the other Defendants to suit their convenience, such that the individuality or separateness of

10 the Defendants did not exist.

11      24.    The acts of Defendants and each of them were and are the acts of the other Defendants.

12      25.    Failure to pierce the corporate veil would promote injustice and, based thereon,

13 Defendants and each of them are jointly and severally liable with the other Defendants.

14 **FACTS**

15      26.    This matter involves the fraudulent sale of fictitious certificates of deposit by Charter

16 Investments, Inc., Samson Emelianov, Michael Gurevich, William Kent and Does 1-100 (collectively

17 "Charter Investments").  Charter Investments devised, perpetrated and operated an illegal Internet-

18 based marketing scheme that obtained millions of dollars from Plaintiffs in this case.  Charter

19 Investments falsely promised Plaintiffs that it was acting as a deposit broker and placing their money

20 in certificates of deposit at FDIC insured banks.  However, rather than place the Plaintiffs' funds into

21 certificates of deposit at FDIC insured banks Charter Investments wire transferred all monies to third

22 party accounts in banking secrecy havens.

23      27.    From Charter Investments' inception in mid – 2013, Defendant East West Bancorp and

24 Does 101-200 (Collectively "East West Bank") played an integral role in Charter Investments

25 operation and success. Any investigation of Charter Investments by Defendant East West Bank as is

26 dictated by various anti-money laundering laws and banking best practices, would have set off alarm

27 bells requiring a decision to cease doing business with Charter Investments.  Plaintiffs are informed

28 and believe and on such information and belief allege that East West Bank did determine Charter

1  Investments was a fraudulent scheme, but did not cease doing business with it.  Instead, Defendant

2  East West Bank continued to approve international wire transfers to the banking secrecy havens until

3  the account was drained of Plaintiffs' money.

4        28.    On March 26, 2014, the California Department of Business Oversight issued a

5  Consumer Alert regarding Charter Investments.  The CDBO stated that Charter Investments was not

6  licensed as a broker dealer pursuant to California Corporations Code or as a bank pursuant to

7  Financial Institutions Code, and that it could not be located at the address stated on its website.

8        29.    In or about October of 2013, DEFENDANT East West Bank opened an account for

9  Charter Investments, Inc., at its Balboa Branch in San Francisco.  DEFENDANT East West Bank

10  obtained the corporate documents from Charter Investments, Inc., demonstrating that it had recently

11  been incorporated in Wyoming, and thus, had no past business history.

12        30.    The East West Bank account for Charter Investments was opened by the president of

13  Charter Investments, Defendant Samson Emelianov, using a Russian passport and purporting to reside

14  in Russia.

15        31.    The East West Bank account for Charter Investments was also opened by the secretary

16  of Charter Investments, Defendant Michael Gurevich, using a Russian passport and purporting to

17  reside in Belmont, California.

18        32.    Plaintiffs are informed and believe and on such information and belief allege that

19  Charter Investments was classified by DEFENDANT East West Bank as being in the business of

20  importing and exporting internet phones.

21        33.    Plaintiffs are informed and believe and on such information and belief allege that

22  Defendant East West Bank determined Charter Investments to be a high risk potential customer which

23  would be subject to enhanced due diligence pursuant to its Anti-Money laundering and Know Your

24  Customer policies.

25        34.    Charter Investments claimed two addresses for its business.  One address in Cheyenne,

26  Wyoming and one address in Beverly Hills, California.  However, neither address held a physical

27  location for Charter Investments, but were instead mail drop addresses.

28

35.    Plaintiffs are informed and believe and on such information and belief allege that Defendant East West Bank and, in particular, the Balboa Branch Manager did review the account opening information for Charter Investments.  The Balboa Branch Manager did visit the Belmont, California address and determined that Charter Investments had no verifiable business address aside from this residence.

36.    Plaintiffs are informed and believe and on such information and belief allege that the Belmont, California residence given by Charter Investments secretary Michael Gurevich is approximately 26 miles away, and outside the county, from the East West Bank Balboa Branch. Plaintiffs are informed and believe and on such information and belief allege that there were 20 closer branches of East West Bank to the Belmont, California residence.

37.    Plaintiffs are informed and believe and on such information and belief allege that Defendant East West Bank, as a result of its enhanced due diligence procedures, had concerns about the legitimacy of Charter Investments, which purported to be an import export business, had no prior business history, was incorporated out of state, and had no verifiable physical business address.

38.    Plaintiffs are informed and believe and on such information and belief allege that Defendant East West Bank determined Charter Investments to be a legitimate business eligible to maintain a business account on the basis of a reference by a high value customer of Defendant East West Bank.

39.    From at least October of 2013 continuing through March of 2014, Charter Investments advertised nationwide using the following domain names:   charterinvestmentsinc.com, charter-investmentsinc.com, and charterinvestmentsllc.com. Each domain pointed to the same webpage.  On the webpage Charter Investments stated: "Charter Investments offers investors brokered CDs, which are CDs issued by banks for customers of brokerage firms.  The CDs are usually issued in large denominations and the brokerage firm divides them into smaller denominations for resale to its customers.  Because the deposits are obligations of the issuing bank, and not the brokerage firm, FDIC insurance applies." On the webpage Charter Investments stated: "Our CD rates

| Deposit (min) | Term | APR | APY | If  Held  to Maturity |
|---|---|---|---|---|

6
COMPLAINT

| $100,000 | 90 days | 0.75% | 0.75% | $100,187.67 |
|---|---|---|---|---|
| $100,000 | 9 months | 1.00% | 1.00% | $100,752.81 |
| $150,000 | 12 months | 1.50% | 1.51% | $152,268.91 |
| $200,000 | 24 months | 1.75% | 1.76% | $207,123.77 |
| $200,000 | 36 months | 2.50% | 2.53% | $215,576.27 |
| $200,000 | 60 months | 3.04% | 3.09% | $232,830.55 |

40.    On January 13, 1014, Plaintiff IRVING RUPPEL wire transferred $212,898.49 to East West Bank account number 8602000468, an account controlled by Charter Investments, Inc., for the purpose of a purchase of a certificate of deposit.  The wire transfer instructions indicated that the funds were to be credited for the benefit of Irving Ruppel.

41.    On January 15, 2014, Plaintiff RICHARD T. COLE wired transferred S280,000 to East West Bank account number 8602000468, an account controlled by Charter Investments, Inc., for the purpose of a purchase of a certificate of deposit.  The wire transfer instructions indicated that the funds were to be credited for the benefit of Richard Cole.  Prior to initiating the wire transfer, Plaintiff Richard T. Cole spoke to representatives of East West Bank telling them that he was going to invest with Charter Investments and requesting confirmation that Charter Investments maintained a legitimate account at East West Bank.  The representative at East West Bank told Richard Cole that Charter Investments did, in fact, maintain a legitimate account at East West Bank.

42.    The Funds transfer and Transmittal of Funds Recordkeeping Rules of the Bank Secrecy Act require beneficiary banks to review, collect and retain all incoming wire transfer payment order information for transfers in excess of $3,000.  Plaintiffs are informed and believe and on such information and belief allege that Defendant East West Bank did review, collect and retain the incoming wire transfer payment order information for all wire transfers to the Charter Investments, Inc., account number 8602000468.

43.    On January 16, 2014, Charter Investments sent a faxed wire transfer request to East West Bank.  Defendant East West Bank approved and placed a wire transfer of S231,000.00, to an account of an entity called Andaman Group at Reitmu Bank, a Latvian Bank.  The wire was sent through an intermediary bank located in the British Virgin Islands.

44.     Both Latvia and the British Virgin Islands to which Defendant East West Bank approved wire transfers are each listed by the U.S. Department of State as Jurisdictions of Primary Concern among known money laundering countries.

45.     On January 17, 2014, Plaintiff RAE H. LORENZ wire transferred $203,000.00 to East West Bank account number 8602000468, an account controlled by Charter Investments, Inc., for the purpose of a purchase of a certificate of deposit.  On January 17, 2014, she wire transferred $47,000 to East West Bank account number 8602000468, an account controlled by Charter Investments, Inc., for the purpose of a purchase of a certificate of deposit.  The wire transfer instructions indicated that the funds were to be credited for the benefit of Rae Lorenz. Prior to initiating the wire transfer, Plaintiff Rae Lorenz spoke to representatives of East West Bank telling them that she was going to invest with Charter Investments and requesting confirmation that Charter Investments maintained a legitimate account at East West Bank.  The representative at East West Bank told Rae Lorenz that Charter Investments did, in fact, maintain a legitimate account at East West Bank.

46.     On January 21, 2014, Rae Lorenz again wire transferred $110,493.16 to East West Bank account number 8602000468, and account controlled by Charter Investments, Inc., for the purpose of a purchase of a certificate of deposit.  On January 20, 2014, she wire transferred the sum of $105,500.03 to East West Bank account number 8602000468, an account controlled by Charter Investments, Inc., for the purpose of a purchase of a certificate of deposit.  The wire transfer instructions indicated that the funds were to be credited for the benefit of Rae Lorenz.

47.     On January 21, 2014, Plaintiff MICHAEL CHARPENTIER wire transferred $200,000 to East West Bank account number 8602000468, an account controlled by Charter Investments, Inc., for the purpose of a purchase of a certificate of deposit.   The wire transfer instructions indicated that the funds were to be credited for the benefit of Michael Charpentier.

48.     On January 23, 2014, Charter Investments sent a faxed wire transfer request to East West Bank.  Defendant East West Bank approved and placed a wire transfer in the amount of $175,278.00, to an account of an entity called Herrington Export, Inc., at ABLV Bank in Latvia.

49.     On January 23, 2014, Charter Investments sent a faxed wire transfer request to East West Bank., Defendant East West Bank approved and placed a wire transfer in the amount of

8
COMPLAINT

1   $243,000.00, to an account of an entity called Andaman Group at Reitmu Bank, a Latvian Bank.  The

2   wire was sent through and intermediary bank located in the British Virgin Islands

3        50.   On January 24, 2014, Charter Investments sent a faxed wire transfer request to East

4   West Bank., Defendant East West Bank approved and placed a wire transfer in the amount of

5   $42,715.00, to an account of an entity called Vistram Trading Inc., at Marfin Pank EESTI AS, an

6   Estonian Bank. The wire was sent through an intermediary bank located in Panama.

7        51.   Panama through which Defendant East West Bank approved wire transfers is listed by

8   the U.S. Department of State as a Jurisdiction of Primary Concern among known money laundering

9   countries.

10        52.   On January 30, 2014, Plaintiff LORETTA ALMAN wire transferred $105,723.70 to

11   East West Bank account number 8602000468, an account controlled by Charter Investments, Inc., for

12   the purpose of a purchase of a certificate of deposit.   The wire transfer instructions indicated that the

13   funds were to be credited for the benefit of Loretta Alman.

14        53.   On January 27, 2014, Charter Investments sent a faxed wire transfer request to East

15   West Bank.  Defendant East West Bank approved and placed a wire transfer in the amount of

16   $200,965.00, to an account of an entity called Herrington Export, Inc., at ABLV Bank in Latvia.

17        54.   On January 28, 2014, Charter Investments sent a faxed wire transfer request to East

18   West Bank. Defendant East West Bank approved and placed a wire transfer in the amount of

19   $42,715.00, to an account of an entity called Daterio Trading Inc., at Marfin Pank EESTI AS, an

20   Estonian Bank. The wire was sent through an intermediary bank located in Panama.

21        55.   On January 30, 2014, Plaintiff SUE HAYNES wire transferred $350,000 to East West

22   Bank account number 8602000468, an account controlled by Charter Investments, Inc., for the

23   purpose of a purchase of a certificate of deposit. The wire transfer instructions indicated that the funds

24   were to be credited for the benefit of Sue Haynes.

25        56.   On January 31, 2014, Charter Investments sent a faxed wire transfer request to East

26   West Bank. Defendant East West Bank approved and placed a wire transfer in the amount of

27   $103,000.00, to an account of an entity called Andaman Group at Reitmu Bank, a Latvian Bank.  The

28   wire was sent through and intermediary bank located in the British Virgin Islands.

57.    On January 31, 2014, Charter Investments sent a faxed wire transfer request to East West Bank.  Defendant East West Bank approved and placed a wire transfer in the amount of $472.00 to the bank account of Rae Lorenz.  The payment represented the interest on her investment.

58.    On February 3, 2014, Plaintiff LORALEE FREILICH wire transferred $150,000 to East West Bank account number 8602000468, an account controlled by Charter Investments, Inc., for the purpose of a purchase of a certificate of deposit. The wire transfer instructions indicated that the funds were to be credited for the benefit of Loralee Freilich.

59.    On February 3, 2014, Charter Investments sent a faxed wire transfer request to East West Bank.  Defendant East West Bank approved and placed a wire transfer in the amount of $70,156.00, to an account of an entity called Standard Global, Ltd., at ABLV Bank, a Latvian bank.

60.    On February 3, 2014, Charter Investments sent a faxed wire transfer request to East West Bank.  Defendant East West Bank approved and placed a wire transfer in the amount of $123,028.00, to an account of an entity called Herrington Export, Inc., at ABLV Bank in Latvia.

61.    On February 4, 2014, Plaintiff WILLIAM E. WARD wired transferred $750,000, to East West Bank account number 8602000468, an account controlled by Charter Investments, Inc., for the purpose of a purchase of a certificate of deposit.  On February 4, 2014, he wire transferred an additional $750,000, to East West Bank account number 8602000468, an account controlled by Charter Investments, Inc., for the purpose of a purchase of a certificate of deposit. The wire transfer instructions indicated that the funds were to be credited for the benefit of William E. Ward.

62.    On February 5, 2014, Charter Investments sent a faxed wire transfer request to East West Bank.  Defendant East West Bank approved and placed a wire transfer in the amount of $47,000.00, to an account of an entity called Herrington Export, Inc., at ABLV Bank in Latvia.

63.    On February 5, 2014, Charter Investments sent a faxed wire transfer request to East West Bank.  Defendant East West Bank approved and placed a wire transfer in the amount of $86,225.00, to an account of an entity called Lagerstrom Ltd, at Hellenic Bank Public Company LTD, a Cyprus bank. The wire was sent through an intermediary bank located in the British Virgin Islands.

64.    On February 5, 2014, Charter Investments sent a faxed wire transfer request to East West Bank.  Defendant East West Bank approved and placed a wire transfer in the amount of

1    $14,630.00, to an account of an entity called Standard Global, Ltd., at ABLV Bank.

2        65.    On February 5, 2014, Charter Investments sent a faxed wire transfer request to East

3    West Bank.  Defendant East West Bank approved and placed a wire transfer in the amount of

4    $33,833.00, to an account of an entity called Wade Trading, Ltd., at Eurobank EFG Cyprus Ltd., a

5    Cyprus bank.

6        66.    Cyprus, to which Defendant East West Bank approved wire transfers, is listed by the

7    U.S. Department of State as a Jurisdiction of Primary Concern among known money laundering

8    countries.

9        67.    On February 6, 2014, Charter Investments sent a faxed wire transfer request to East

10   West Bank., Defendant East West Bank approved and placed a wire transfer in the amount of

11   $82,775.00, to an account of an entity called Richlux Impex Ltd, at Marfin Pank EESTI AS, an

12   Estonian Bank.  The wire was sent through an intermediary bank located in the British Virgin Islands.

13       68.    On February 6, 2014, Charter Investments sent a faxed wire transfer request to East

14   West Bank., Defendant East West Bank approved and placed a wire transfer in the amount of

15   $145,000.00, to an account of an entity called Noretti Development TSA, at Regionela Investiciju

16   Banka, a Latvian Bank. The wire was sent through an intermediary bank located in Panama.

17       69.    On February 7, 2014, Charter Investments sent a faxed wire transfer request to East

18   West Bank.  Defendant East West Bank approved and placed a wire transfer in the amount of

19   $150,000.00, to an account of an entity called Wade Trading, Ltd., at Eurobank EFG Cyprus Ltd.

20       70.    On February 7, 2014, Charter Investments sent a faxed wire transfer request to East

21   West Bank.  Defendant East West Bank approved and placed a wire transfer in the amount of

22   $205,000.00, to an account of an entity called Herrington Export, Inc., at ABLV Bank in Latvia.

23       71.    On February 7, 2014, Charter Investments sent a faxed wire transfer request to East

24   West Bank., Defendant East West Bank approved and placed a wire transfer in the amount of

25   $249,500.00, to an account of an entity called Noretti Development TSA, at Regionela Investiciju

26   Banka, a Latvian Bank. The wire was sent through an intermediary bank located in Panama.

27       72.    On February 7, 2014, Charter Investments sent a second faxed wire transfer request to

28   East West Bank., Defendant East West Bank approved and placed a wire transfer in the amount of

$249,500.00, to an account of an entity called Noretti Development TSA, at Regionela Investiciju Banka, a Latvian Bank. The wire was sent through an intermediary bank located in Panama.

73.     On February 10, 2014, Charter Investments sent a faxed wire transfer request to East West Bank., Defendant East West Bank approved and placed a wire transfer in the amount of $248,450.00, to an account of an entity called Noretti Development TSA, at Regionela Investiciju Banka, a Latvian Bank. The wire was sent through an intermediary bank located in Panama.

74.     On February 10, 2014, Charter Investments sent a faxed wire transfer request to East West Bank. Defendant East West Bank approved and placed a wire transfer in the amount of $249,550.00, to an account of an entity called Noretti Development TSA, at Regionela Investiciju Banka, a Latvian Bank. The wire was sent through an intermediary bank located in Panama.

75.     On February 11, 2014, Plaintiff WILLIAM H. WOOLBRIGHT wire transferred $225,000 to East West Bank account number 8602000468, an account controlled by Charter Investments, Inc., for the purpose a purchase of a certificate of deposit. The wire transfer instructions indicated that the funds were to be credited for the benefit of William H. Woolbright. Prior to initiating the wire transfer, a relative on behalf of Plaintiff William H. Woolbright spoke to representatives of East West Bank telling them that he was going to invest with Charter Investments and requesting confirmation that Charter Investments maintained a legitimate account at East West Bank.  The representative at East West Bank told William H. Woolbright's relative that Charter Investments did, in fact, maintain a legitimate account at East West Bank.

76.     On February 11, 2014, Plaintiffs PAULA TAMKIN and STEVEN TAMKIN wire transferred $250,000 to East West Bank account number 8602000468, an account controlled by Charter Investments, Inc., for the purpose of a purchase of a certificate of deposit.  The wire transfer instructions indicated that the funds were to be credited for the benefit of Paula and Steven Tamkin.

77.     On February 11, 2014, Charter Investments sent a faxed wire transfer request to East West Bank., Defendant. East West Bank approved and placed a wire transfer in the amount of $185,103.00, to an account of an entity called Noretti Development TSA, at Regionela Investiciju Banka, a Latvian Bank. The wire was sent through an intermediary bank located in Panama.

78.     On February 12, 2014, a condominium association wire transferred $246,255.19 000 to

1   East West Bank account number 8602000468, an account controlled by Charter Investments, Inc., for
2   the purpose of a purchase of a certificate of deposit. The wire transfer instructions indicated that the
3   funds were to be credited for the benefit of the condominium association.

4       79.    On February 12, 2014, Plaintiff WILLIAM E. WARD wired transferred an additional
5   $400,000, to East West Bank account number 8602000468, an account controlled by Charter
6   Investments, Inc., for the purpose of a purchase of a certificate of deposit. The wire transfer
7   instructions indicated that the funds were to be credited for the benefit of William E. Ward.

8       80.    On February 12, 2014, Charter Investments sent a faxed wire transfer request to East
9   West Bank.  Defendant East West Bank approved and placed a wire transfer in the amount of
10  $41,464.00, to an account of an entity called Lagerstrom Ltd, at Hellenic Bank Public Company LTD,
11  a Cyprus bank. The wire was sent through an intermediary bank located in the British Virgin Islands.

12      81.    On February 12, 2014, Charter Investments sent a faxed wire transfer request to East
13  West Bank.  Defendant East West Bank approved and placed a wire transfer in the amount of
14  $336,596.00, to an account of an entity called Herrington Export, Inc., at ABLV Bank in Latvia.

15      82.    On February 13, 2014, a condominium association wire transferred an additional
16  $196,944.81, to East West Bank account number 8602000468, an account controlled by Charter
17  Investments, Inc., for the purpose of a purchase of a certificate of deposit. The wire transfer
18  instructions indicated that the funds were to be credited for the benefit of the condominium
19  association.

20      83.    On February 13, 2014, Charter Investments sent a faxed wire transfer request to East
21  West Bank.  Defendant East West Bank approved and placed a wire transfer in the amount of
22  $21,940.00, to an account of an entity called Herrington Export, Inc., at ABLV Bank in Latvia.

23      84.    On February 14, 2014, Charter Investments sent a faxed wire transfer request to East
24  West Bank. Defendant East West Bank approved and placed a wire transfer in the amount of
25  $244,514.00, to an account of an entity called Noretti Development TSA, at Regionela Investiciju
26  Banka, a Latvian Bank. The wire was sent through an intermediary bank located in Panama.

27      85.    On February 14, 2014, Charter Investments sent a faxed wire transfer request to East
28  West Bank., Defendant East West Bank approved and placed a wire transfer in the amount of

1    $249,500.00, to an account of an entity called Noretti Development TSA, at Regionela Investiciju

2    Banka, a Latvian Bank. The wire was sent through an intermediary bank located in Panama.

3           86.    On February 18, 2014, Plaintiffs PAULA TAMKIN and STEVEN TAMKIN wire

4    transferred and additional $159,315.85 to East West Bank account number 8602000468, an account

5    controlled by Charter Investments, Inc., for the purpose of a purchase of a certificate of deposit.  The

6    wire transfer instructions indicated that the funds were to be credited for the benefit of Paula and

7    Steven Tamkin.

8           87.    On February 18, 2014, Charter Investments sent a faxed wire transfer request to East

9    West Bank., Defendant East West Bank approved and placed a wire transfer in the amount of

10   $141,000.00, to an account of an entity called Faretta Trade S.A., at Marfin Pank EESTI AS, an

11   Estonian Bank. The wire was sent through an intermediary bank located in the British Virgin Islands.

12          88.    On February 18, 2014, Charter Investments sent a faxed wire transfer request to East

13   West Bank., Defendant East West Bank approved and placed a wire transfer in the amount of

14   $249,990.00, to an account of an entity called Faretta Trade S.A., at Marfin Pank EESTI AS, an

15   Estonian Bank. The wire was sent through an intermediary bank located in the British Virgin Islands.

16          89.    On February 19, 2014, Charter Investments sent a faxed wire transfer request to East

17   West Bank., Defendant East West Bank approved and placed a wire transfer in the amount of

18   $129,450.00, to an account of an entity called Faretta Trade S.A., at Marfin Pank EESTI AS, an

19   Estonian Bank. The wire was sent through an intermediary bank located in the British Virgin Islands.

20          90.    On February 26, 2014, Plaintiff KENNETH NELSON wire transferred $202,926.87 to

21   East West Bank account number 8602000468, an account controlled by Charter Investments, Inc., for

22   the purpose of a purchase of a certificate of deposit.  The wire transfer instructions indicated that the

23   funds were to be credited for the benefit of Kenneth Nelson.

24          91.    On February 27, 2014, Charter Investments sent a faxed wire transfer request to East

25   West Bank. Defendant East West Bank approved and placed a wire transfer in the amount of

26   $225,000.00, to an account of an entity called Andaman Group at Reitmu Bank, a Latvian Bank. The

27   wire was sent through an intermediary bank located in the British Virgin Islands.

28          92.    Plaintiffs are informed and believe and on such information and belief allege that early

1   on while millions of dollars remained in the account, at least the Balboa Branch Manager of East West

2   Bank determined Charter Investments to be an illegitimate and fraudulent entity.  Plaintiffs are

3   informed and believe and on such information and belief allege that at least the Balboa Branch

4   Manager of East West Bank determined that investors were depositing IRA and normal cash into the

5   single Charter Investments account.  Plaintiffs are informed and believe and on such information and

6   belief allege that at least the Balboa Branch Manager of East West Bank determined that the

7   investment money was quickly transferred from the Charter Investments account to third party

8   accounts in banking secrecy havens.  Plaintiffs are informed and believe and on such information and

9   believe allege that at least the Balboa Branch Manager of East West Bank suggested freezing the

10  account.  Plaintiffs are informed and believe and on such information and belief allege that during a

11  meeting to discuss freezing the Charter Investments account, Defendant East West Bank decided that

12  because of its relationship with its High Value customer, which had stood as a reference with Charter

13  Investments, it would simply monitor the account activity.

14      93.     Plaintiffs are informed and believe and on such information and believe allege that

15  after at least the Balboa Branch Manager determined that Charter Investments to be an illegitimate

16  and fraudulent entity the Balboa Branch continued to approve and place the wire transfers to banking

17  secrecy havens.

18      94.     Plaintiffs are informed and believe and on such information and belief allege that

19  Defendant East West Bank, as part of its enhanced due diligence procedures, was required to, and did

20  visit the Charter Investments websites.

21      95.     Plaintiffs are informed and believe and on such information and belief allege that

22  Defendant East West Bank substantially assisted Charter Investments by approving and conducting

23  numerous wire transfers from the Charter Investment accounts at East West Bank to bank accounts in

24  Banking Secrecy Havens held by unknown entities.

25      96.     Plaintiffs are informed and believe and on such information and belief allege that East

26  West Bank, knowing that Charter Investments was a fraudulent company, contacted the bank that

27  initiated the wire transfer of victim William Ward to inform it that Charter Investments was under

28  investigation for fraud.  Nonetheless, East West Bank approved the wire transfer of Mr. Ward's

1  investment funds to the banking secrecy haven countries before Mr. Ward could initiate a recall

2  request.

3       97.    Plaintiffs are informed and believe and on such information and belief allege that East

4  West Bank, knowing that Charter Investments was a fraudulent company, contacted the bank that

5  initiated the wire transfer of victim Ken Nelson to inform it that Charter Investments was under

6  investigation for fraud.  Nonetheless, East West Bank approved the wire transfer of Mr. Nelson's

7  investment funds to the banking secrecy haven countries before Mr. Nelson could initiate a recall

8  request on the very next day.

## FIRST CAUSE OF ACTION
### Conversion
### (Alleged against the Charter Investments Defendants)

11       98.    Plaintiffs reallege and incorporate herein the allegations set forth above as if fully set

12  forth by this reference.

13       99.    Plaintiffs each had the ownership and right to possession of the moneys each wire

14  transferred to Charter Investments for the purpose of the purchase of a certificate of deposit.

15       100.    Charter Investments intentionally and substantially interfered with Plaintiffs' right to

16  their money by wire transferring each of Plaintiffs moneys to overseas accounts in banking secrecy

17  havens.

18       101.    Plaintiffs did not consent to have their money wire transferred to overseas accounts in

19  banking secrecy havens.

20       102.    As a direct and proximate result of Charter Investments actions Plaintiffs have suffered

21  compensable damage.

## SECOND CAUSE OF ACTION
### Aiding and Abetting Conversion
### (Alleged against the East West Bank Defendants)

24       103.    Plaintiffs reallege and incorporate herein the allegations set forth above as if fully set

25  forth by this reference.

26       104.    East West Bank knew that Plaintiffs each owned the money that they wire transferred

27  for their own benefit to Charter Investments' account.

28       105.    East West Bank knew that Charter Investments wrongfully interfered with Plaintiffs'

1   right to their money by wire transferring each of Plaintiffs moneys to third party, overseas accounts in

2   banking secrecy havens.

3       106.   East West Bank substantially assisted Charter Investments in its conversion of

4   Plaintiffs' money by approving and conducting the wire transfers of the money to third party, overseas

5   accounts in banking secrecy havens.

6       107.   As a direct and proximate result of East West Bank's aiding and abetting Charter

7   Investment's conversion, Plaintiffs have suffered compensable damages.

8   **THIRD CAUSE OF ACTION**
**Breach of Fiduciary Duty**
9   **(Alleged against the Charter Investments Defendants)**

10       108.   Plaintiffs reallege and incorporate herein the allegations set forth above as if fully set

11   forth by this reference.

12       109.   Charter Investments had a fiduciary duty to its investors to invest the money as

13   promised.

14       110.   Charter investments breached this duty when it wire transferred the investor funds to

15   third party, overseas account in banking secrecy havens.

16       111.   As a direct and proximate result of Charter Investment's breach of fiduciary duty,

17   Plaintiffs have suffered compensable damages.

18   **FOURTH CAUSE OF ACTION**
**Aiding and Abetting Breach of Fiduciary Duty**
19   **(Alleged against the East West Bank Defendants)**

20

21       112.   Plaintiffs reallege and incorporate herein the allegations set forth above as if fully set

22   forth by this reference.

23       113.   East West Bank knew Charter Investments had a fiduciary relationship to its investors.

24   East West Bank knew that Charter Investments breached that fiduciary duty by wire transferring the

25   investors' money to third party, overseas accounts in banking secrecy havens.

26       114.   East West Bank aided and abetted Charter Investments by approving and conducting

27   numerous wire transfers totaling 5 million dollars in investor funds to third party, overseas accounts in

28   banking secrecy havens.

1    115.    As a direct and proximate result of East West Bank's aiding and abetting Charter

2    Investment's breach of fiduciary duty, Plaintiffs have suffered compensable damages.

3                              **FIFTH CAUSE OF ACTION**
                                        Fraud
4                  **(Alleged against the Charter Investments Defendants)**

5    116.    Plaintiffs reallege and incorporate herein the allegations set forth above as if fully set

6    forth by this reference.

7    117.    On its website Charter Investments knowingly misrepresented, omitted and/or

8    concealed from Plaintiffs material facts relating to its activities and its legitimacy.   Charter

9    Investments misrepresented that it offered investors brokered certificates of deposit at Federally

10   insured banks.

11   118.    Charter Investments statement that it offered investors brokered certificates of deposit

12   at Federally insured banks was false.

13   119.    Charter Investments concealed the fact that, rather than place investor funds into

14   certificates of deposit at Federally insured banks, it wire transferred investor funds to overseas

15   accounts.

16   120.    Plaintiffs each relied on the misrepresentation that their funds would be placed in

17   certificates of deposit at Federally insured banks.

18   121.    Plaintiffs would not have wire transferred their money to Charter Investment accounts

19   at East West Bank had they known that, rather than place their money into certificates of deposit at

20   Federally insured banks, Charter Investments would wire transfer their funds to overseas accounts.

21   122.    As a direct and proximate result of Charter Investments' fraud, Plaintiffs have suffered

22   compensable damages.

23                              **SIXTH CAUSE OF ACTION**
                               Aiding and Abetting Fraud
24                  **(Alleged against the East West Bank Defendants)**

25

26   123.    Plaintiffs reallege and incorporate herein the allegations set forth above as if fully set

27   forth by this reference.

28   124.    East West Bank knew that Charter Investments represented itself to Plaintiffs as an

                                           18
                                       COMPLAINT

1  investment company.

2      125.   East West Bank knew that rather than invest Plaintiffs' money, Charter Investments

3  wired transferred the money to third party, overseas accounts in banking secrecy havens.

4      126.   East West Bank aided and abetted Charter Investments by aiding and approving

5  numerous wire transfers totaling 5 million dollars in investor funds to third party, overseas accounts in

6  banking secrecy havens.

7      127.   As a direct and proximate result of East West Bank's aiding and abetting Charter

8  Investment's fraud, Plaintiffs have suffered compensable damages.

9                              **SIXTH CAUSE OF ACTION**
       **Violation of California Business & Professions Code § 17200 et seq.**
10                       **(Alleged against all Defendants)**

11     128.   Plaintiffs reallege and incorporate herein the allegations set forth above as if fully set

12  forth by this reference.

13     129.   Section 17200 of the California Business & Professions Code prohibits unfair

14  competition by prohibiting any "unlawful, unfair or fraudulent business acts or practice..."

15     130.   Plaintiffs and similarly situated members of the public have been injured as a direct

16  and proximate result of Charter Investments' unfair, unlawful, and/or fraudulent business practices as

17  alleged above, and East West Bank' aiding and abetting thereof, and these proceedings are instituted

18  pursuant to section 17203 and 17204 of the California Business and Professions Code, to obtain relief

19  from Defendants' business acts and practices that violate the Unfair Competition Act.

20     131.   The Defendants' conduct as alleged herein violates the Unfair Competition Act. The

21  business acts and practices of defendants constituted and constitutes a common continuous and

22  continuing course of conduct of unfair competition by means of unfair, unlawful and/or fraudulent

23  business acts or practices within the meaning of the Unfair Competition Act including, but in no way

24  limited to, the following:

25          a.    Wire transferring Plaintiffs' investment money to third party overseas accounts

26                in banking secrecy havens; and

27          b.    Failing to invest Plaintiffs' money in Federally Insured certificates of deposit as

28                instructed;

c.    Falsely representing that you are an investment company;

d.    East West Bank ignoring the fact that its customer made frequent and large transactions and had no record of past or present experience – a "red flag" according to the "Money Laundering – A Banker's Guide to Avoiding Problems"

e.    East West Bank ignoring the fact that its customer has wire transfer activity to a financial secrecy haven or high risk geographic location without an apparent business reason -  a "red flag" according to the "Money Laundering – A Banker's Guide to Avoiding Problems"

f.    East West Bank ignoring the fact that its customer had wire activity that is unexplained, repetitive or shows unusual patters - a "red flag" according to the "Money Laundering – A Banker's Guide to Avoiding Problems"

g.    East West Bank ignoring the fact that its customer makes deposits and immediate request for wire transfers – Money Laundering Red Flag FFIEC

h.    East West Bank ignoring the fact that its customer does not have a local residential or business address a "red flag" according to the "Money Laundering – A Banker's Guide to Avoiding Problems"

i.    with no apparent legitimate reason for opening the account with the bank – Money Laundering Red Flag, FFIEC

j.    East West Bank ignoring the fact that its customer maintained its account with a high volume of activity, which carried a low balance – Money Laundering Red Flag, FFIEC

k.    East West Bank ignoring the fact that its customer used the account as a temporary repository of funds – Money Laundering Red Flag, FFIEC and,

l.    East West Bank ignoring the fact that there is a large volume of wire transfer deposited into its customers account when the nature of the account holder's business would not appear to justify such activity - a "red flag" according to the "Money Laundering – A Banker's Guide to Avoiding Problems"

132.   Defendants' acts, omissions, misrepresentations, practices, and non-disclosures, as alleged herein, constituted and constitute unfair, unlawful and/or fraudulent business practices within the meaning of California Business & Professions Code, Section 17200 *et. seq.*

133.   Plaintiffs are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendants as a result of such business acts or practices and enjoining defendants to cease and desist from engaging in the practices described herein.

134.   To prevent unjust enrichment pursuant to the California Business and Professions Code, Defendant should be required to place all disgorged illegal gains and profits in a constructive trust to be established by the court for the purpose of making full restitution to all injured parties.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs RAE H. LORENZ, WILLIAM E. WARD, PAULA AND STEVEN TAMKIN, SUE HAYNES, RICHARD T. COLE, WILLIAM H. WOOLBRIGHT, IRVING B. RUPPEL, KENNETH NELSON, MICHAEL CHARPENTIER, LORALEE FREILICH and LORETTA J. ALMAN, pray for judgment against Defendants, jointly and severally, as follows:

1. General damages in an amount not currently known, but which will be shown according to proof at trial;

2. Special Damages of: Rae H. Lorenz: $465,993.19; William E. Ward: $1,900,000.00, Paula and Steven Tamkin: $409,315.85; Sue Haynes: $350,000.00; Richard T. Cole: $280,000.00; William H. Woolbright:$225,000.00; Irving B. Ruppel: $212,898.49; Kenneth Nelson: $202,926.87; Michael Charpentier: $200,000.00; Loralee Freilich: $150,000.00; Loretta J. Alman: $105,723.70;

3. Restitution/disgorgement pursuant to Business and Professions Code sections 17203 and/or 17535 and pursuant to the equitable powers of this Court: Plaintiffs request that Defendants be ordered to restore to Plaintiffs all funds acquired by means of any act or practice declared by this Court to be unlawful, unfair and/or fraudulent under Business and Professions Code section 17200 et seq.;

4. For costs of suit incurred herein;

5. Pre and post judgment interest

6. Punitive damages;

7. For reasonable attorneys' fees and costs of suit as permitted by law;

8. For such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury for all issues so triable.

Respectfully Submitted,

WARD & HAGEN LLP

Dated: July 28, 2015

By:     Peter C. Ward
        Christopher H. Hagen
        Steven M. Nuñez
        *Attorneys for Plaintiffs*

22
COMPLAINT

# EXHIBIT 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Peter C. Ward, Esq. SBN: 126459
Christopher H. Hagen, Esq. SBN: 179529
Steven M. Nunez, Esq. SBN: 185421
WARD & HAGEN, LLP 440 Stevens Ave, Suite 350 Solana Beach, CA 92075
TELEPHONE NO.:                                  FAX NO.:
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 600 South Commonwealth Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90005
BRANCH NAME: Central Civil West Courthouse

CASE NAME:
Rae E. Lorenz, et al v. East West Bancorp, Inc.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 2 8 2015

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 5 8 9 4 3 2 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (specify): 7
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7/28/15
Steven M. Nunez
_____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: Lorenz, et al v. East West Bancorp. et al | CASE NUMBER BC 5 8 9 4 3 2 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓ YES    CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7 ___ HOURS/ ✓ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Auto Tort** — Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** — Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: Lorenz, et al v. East West Bancorp. et al | CASE NUMBER BC589432 |
|---|---|

| | A Civil Case Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☑ A6025 Other Non-Personal Injury/Property Damage tort | ②, 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | Lorenz, et al v. East West Bancorp, et al | CASE NUMBER | BC589432 |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Lorenz, et al v. East West Bancorp. et al | CASE NUMBER BC589432 |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>135 N Los Robles Ave, Suite 600 |
|---|---|
| CITY:<br>Pasadena | STATE:<br>CA | ZIP CODE:<br>91101 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Central Civil West _____ courthouse in the Central Judicial _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: 7/28/15

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

# EXHIBIT 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____   BC 5 8 9 4 3 2

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Mitchell L. Beckloff | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Suzanne G. Bruguera | 71 | 729 | |
| Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Emile H. Elias | 324 | CCW | |
| Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | |
| Hon. Debre K. Weintraub | 47 | 507 | | | | | |

*Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

SHERRI R. CARTER

By _____ M. Soto _____, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motion in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# EXHIBIT 5

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:           FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➣ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➣ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➣ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➣ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➣ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➣ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➣ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    <span>(INSERT DATE)</span>          <span>(INSERT DATE)</span>
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lasuperiorcourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      ➤      _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR PLAINTIFF)

Date:

_____      ➤      _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤      _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤      _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤      _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR _____)

Date:

_____      ➤      _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR _____)

Date:

_____      ➤      _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, *briefly* describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, *briefly* describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____        _____
                                              JUDICIAL OFFICER

# EXHIBIT 6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/05/15                                                      DEPT. 324

HONORABLE  EMILIE H. ELIAS           JUDGE   A. MORALES          DEPUTY CLERK

HONORABLE                      JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
ADD ON
           E. RUIZ, C.A.    Deputy Sheriff   NONE                 Reporter

---

BC589432                              Plaintiff
                                      Counsel
RAE H LORENZ ET AL                                NONE
VS                                    Defendant
EAST WEST BANCORP INC ET AL           Counsel

---

NATURE OF PROCEEDINGS:

COURT RULING RE COMPLEX DETERMINATION

This case is hereby determined to be complex within
the meaning of Rule 3.400 of the California Rules of
Court. The case is ordered assigned to
Judge Amy D. Hogue in Department 307
at the Central Civil West Courthouse for all further
proceedings and for all purposes.

The case is ordered stayed until the Initial Status
Conference date. Notice of Initial Status Conference
is to be given by the Clerk in Department 307.
No responsive pleadings may be filed until further
order of the Court. Parties may file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a general appearance, and shall not
waive any substantive or procedural challenge to the
complaint. Nothing herein stays the time for filing
Affidavit of Prejudice pursuant to Code of Civil
Procedure section 170.6.

Pursuant to Government Code section 70616 subdivisions
(a) and (b), each party is ordered to pay $1,000.00
for complex fees, payable to Los Angeles Superior
Court, within ten (10) calendar days from this date.

Plaintiff is ordered to forthwith serve a copy of
this minute order on all parties, and to file a proof

MINUTES ENTERED
08/05/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 08/05/15 | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS    JUDGE | A. MORALES    DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| ADD ON | |
| E. RUIZ, C.A.    Deputy Sheriff | NONE    Reporter |

|  | | |
|---|---|---|
| BC589432 | Plaintiff Counsel | |
| RAE H LORENZ ET AL | | NONE |
| VS | Defendant Counsel | |
| EAST WEST BANCORP INC ET AL | | |

**NATURE OF PROCEEDINGS:**

of service in the assigned department within seven (7)
days of service.

Any party objecting to the complex designation must
file an objection with proof of service in
Department 324 within ten (10) days of service of
this minute order. Any response to the objection must
be filed in Department 324 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the
Minute Order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: August 5, 2015

Page   2 of   3   DEPT. 324

MINUTES ENTERED
08/05/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/05/15                                      **DEPT.** 324

HONORABLE  EMILIE H. ELIAS      JUDGE  A. MORALES        DEPUTY CLERK

HONORABLE               JUDGE PRO TEM         ELECTRONIC RECORDING MONITOR
ADD ON

        E. RUIZ, C.A.         Deputy Sheriff  NONE               Reporter

---

BC589432

RAE H LORENZ ET AL         Plaintiff
VS                          Counsel      NONE
EAST WEST BANCORP INC ET AL   Defendant
                                     Counsel

---

**NATURE OF PROCEEDINGS:**

Sherri R. Carter, Executive Officer/Clerk

By: _____
      A. Morales, Deputy Clerk

WARD & HAGEN, LLP
Peter C. Ward, Esq.
440 Stevens Avenue, Suite 350
Solana Beach, California 92075

Page    3 of    3     DEPT. 324

MINUTES ENTERED
08/05/15
COUNTY CLERK

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On August 19, 2015, I served the foregoing document(s) described as **NOTICE OF REMOVAL** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

"SEE ATTACHED LIST"

☒ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on August 19, 2015, at Los Angeles, California.

Richard Conrad

1061959

PROOF OF SERVICE

## SERVICE LIST

Peter C. Ward, Esq.
Christopher H. Hagen, Esq.
Steven M. Nunez, Esq,.
Ward & Hagen, LLP
440 Stevens Avenue, Suite 350
Solana Beach, CA 92075
(T) (858) 847-0505
(F) (858) 847-0105

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Glaser Weil**

1061959