## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL        'O'

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - DEFENDANTS EAST WEST BANCORP, INC. AND EAST WEST BANK'S MOTION TO DISMISS (dkt. 12, filed September 10, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.

## I.    INTRODUCTION

On July 28, 2015, plaintiffs Rae H. Lorenz, William E. Ward, Paula and Steven Tamkin, Sue Haynes, Richard T. Cole, William H. Woolbright, Irving B. Ruppel, Kenneth Nelson, Michael Charpenter, Loralee Freilich, and Loretta J. Alman (collectively, "plaintiffs") filed the instant action against defendants Charter Investments, Inc. ("Charter"), Michael Gurevich, William Kent, and Samson Emelianov (collectively, "the Charter defendants" or simply "Charter"); as well as defendants East West Bancorp, Inc. and East West Bank (collectively, "East West" or "the East West defendants"), alleging claims against the Charter defendants for (1) fraud, (2) breach of fiduciary duty, and (3) conversion; claims against the East West defendants for (4) aiding and abetting fraud, (5) aiding and abetting breach of fiduciary duty, (6) and aiding and abetting conversion; and claims against all defendants for (7) violation of California Business and Professions Code §17200, et seq. See Dkt. 1 (Notice of Removal), Ex .2 ("Compl."). On August 19, 2015, the East West defendants removed this action to federal court on the grounds of diversity jurisdiction. Dkt. 1.

On September 10, 2015, the East West defendants filed a motion to dismiss plaintiffs' four claims against them, pursuant to the Federal Rules of Civil Procedure 9(b)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

and 12(b)(6).  Dkt. 12 ("Motion").  Plaintiffs filed an opposition to defendants' motion on September 28, 2015, dkt. 14 ("Opp'n"), and the East West defendants filed a reply on October 5, 2015, dkt. 15 ("Reply").  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiffs allege that on or about October 2013, defendant Charter Investments opened a bank account at East West Bank's Balboa Branch in San Francisco, California.[1] Compl. ¶ 13.  According to the complaint, East West "determined Charter Investments to be a legitimate business eligible to maintain a business account on the basis of a reference by [one of East West's] high value customer[s]."  Id. ¶ 38.  The gravamen of plaintiffs' complaint is that from at least October 2013 through March 2014, defendant Charter Investments defrauded potential investors by soliciting, through various website domains, funds to invest in "brokered CDs"—i.e., "[certificates of deposit] issued by banks for customers of brokerage firms."  Id. ¶¶ 26, 39.  Plaintiffs allege that rather than invest plaintiffs' money into CDs, Charter instead used an East West Bank account to wire transfer plaintiffs' investment money to third-party accounts in "overseas banking secrecy havens."  See id.  Specifically, plaintiffs allege that Charter advertised its business nationwide on three internet domains (CharterInvestmentsInc.com, CharterInvestments-Inc.com, and CharterInvestmentsLLC.com), each of which redirected to a website containing the following statement:

> Charter Investments offers investors brokered CDs, which are
> CDs issued by banks for customers of brokerage firms.  The
> CDs are usually issued in large denominations and the
> brokerage firm divides them into smaller denominations for
> resale to its customers.  Because the deposits are obligations of

---

[1] More specifically, the complaint alleges that Charter's East West Bank account was opened by individual defendants Samson Emelianov, Charter's President ("using a Russian passport and purporting to reside in Russia"), and Michael Gurevich, Charter's "Secretary" (using a Russian passport and purporting to reside in Belmont, California").  Compl. ¶¶ 30-31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

the issuing bank, and not the brokerage firm, FDIC insurance
applies.

Id. ¶ 39.  The website also contained a table listing the term lengths and purported rates of return on the certificates of deposit that Charter offered.  Id.

Paragraphs 40 through 90 of the complaint detail numerous allegations of specific wire transfers that each individual plaintiff made to Charter's East West Bank account between January 13, 2014 and February, 26, 2014.  See id. ¶¶ 40-90.  According to the complaint, East West Bank reviewed, collected, and retained all incoming wire transfer payment order information for Charter Investments under account number 8602000468. Id. ¶ 42.  Generally, each of these wire transfers, which collectively amounted to millions of dollars, were allegedly made "for the purpose of [purchasing] a certificate of deposit," with the "wire transfer instructions [specifically] indicat[ing] that the funds were to be credited for the benefit of [the particular named plaintiff who was wiring the funds]." See, e.g. id. ¶ 40.  For three of these wire transfers—those on January 15, 2014, January 17, 2014, and February 11, 2014, respectively—plaintiff Richard T. Cole, plaintiff Rae H. Lorenz, and a relative of plaintiff William H. Woolbright allegedly informed East West representatives that they were going to invest in Charter Investments and accordingly requested, and received from East West, "confirmation that Charter Investments maintained a legitimate account at East West Bank." Id. ¶¶ 41, 45, 75.

The complaint also alleges that between January 16, 2014 and February, 27, 2014—roughly the time period corresponding to plaintiffs' purported investment payments to Charter's East West account—East West approved Charter's wire transfers amounting to millions of dollars to various banks in the British Virgin Islands, id. ¶¶ 43, 49, 56, 63, 67, 80, 87-89, 91; Latvia, id. ¶¶ 43, 48, 49, 53, 56, 59, 60, 62, 64, 68, 70-74, 77, 81, 83-85, 91; Panama, id. ¶¶ 50, 54, 68, 71-74, 77, 84, 85; and Cyprus, id. ¶¶ 63, 65, 66, 69, 80, all of which are allegedly "listed by the United States Department of State as Jurisdictions of Primary Concern among known money laundering countries," id. ¶¶ 44, 51, 66.

According to plaintiffs, the East West defendants, at some unspecified point in time, "determined Charter Investments to be a high risk potential customer . . . subject to enhanced due diligence pursuant to its Anti-Money laundering and Know Your Customer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|----------|-------------------------|------|------------------|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

policies." Id. ¶ 33.  Thus, "as part of its enhanced due diligence procedures," East West was purportedly "required to, and did visit the Charter Investments [CD brokerage] websites." Id. ¶ 94.  Plaintiffs further allege that "as a result of its enhanced due diligence procedures," East West "had concerns about the legitimacy of Charter Investments, which purported to be an [internet telephone] import export business, [but] had no prior business history, was incorporated out of state, and had no verifiable physical business address." Id. ¶¶ 32, 37.

Plaintiffs further aver that "early on[,] while millions of dollars remained in [Charter's East West Bank] account, at least the Balboa Branch Manager of East West Bank determined Charter Investments to be an illegitimate and fraudulent entity." Id. ¶ 92.  More specifically, plaintiffs aver that "at least the Balboa Branch Manager of East West Bank" (1) "determined that investors were depositing IRA and normal cash into the single Charter Investments account"; (2) "determined that the investment money was quickly transferred from the Charter Investments account to third party accounts in banking secrecy havens"; and (3) accordingly "suggested freezing the account." Id. Despite the alleged findings and suggestions of East West's Balboa Branch Manager, defendant East West Bank nonetheless allegedly "decided that because of its relationship with its High Value customer, which had stood as a reference with Charter Investments, it would simply monitor the account activity" rather than freeze the account. Id.

The complaint further alleges that "after at least the Balboa Branch Manager" found "Charter Investments to be an illegitimate and fraudulent entity[,] the Balboa Branch continued to approve and place [Charter's] wire transfers to banking secrecy havens." Id. ¶ 93.  Accordingly, "by approving and conducting numerous wire transfers from the Charter Investment accounts at East West Bank to bank accounts in Banking Secrecy Havens held by unknown entities," East West is alleged to have "substantially assisted Charter Investments" in its fraudulent scheme. Id. ¶ 95.

The complaint also alleges that a representative at East West Bank, "knowing that Charter Investments was a fraudulent company," contacted the banks of plaintiffs William Ward and Ken Nelson in order "to inform [them] that Charter Investments was under investigation for fraud." Id. ¶¶ 96-97.  Despite purportedly "knowing that Charter Investments was a fraudulent company," East West nonetheless "approved the wire

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

transfer[s] of [Ward and Nelson's] investment funds to the banking secrecy haven countries" before these plaintiffs could request a recall of their wire transfer.[2] Id.

On March 26, 2014, roughly one month after plaintiffs' final wire transfer to Charter's East West Bank account, the California Department of Business Oversight allegedly issued a Consumer Alert regarding Charter Investments, stating that Charter Investments (1) was not licensed as a broker dealer pursuant to California Corporations Code, (2) was not licensed as a bank pursuant to Financial Institutions Code, and (3) could not be located at the address stated on its website. Id. ¶ 28.

In light of the foregoing allegations, plaintiffs assert, *inter alia*, the following:

> From Charter Investments' inception in mid- 2013, [the East West defendants] played an integral role in Charter Investments['] operation and success. Any investigation of Charter Investments by Defendant East West Bank as is dictated by various anti-money laundering laws and banking best practices, would have set off alarm bells requiring a decision to cease doing business with Charter Investments. Plaintiffs are informed and believe and on such information and belief allege that East West Bank did determine Charter Investments was a fraudulent scheme, but did not cease doing business with it. Instead, Defendant East West Bank continued to approve international wire transfers to the banking secrecy havens until the account was drained of Plaintiffs' money.

Id. ¶ 27.

---

[2] Although plaintiffs do not specify the date of such contacts in these particular paragraphs of the complaint, it appears that the relevant transfers were plaintiff Ward's February 4, 2014 and February 12, 2014 transfers of $750,000 and $400,000, respectively, as well as plaintiff Nelson's February 26, 2014 transfer of $202,926.87. See Compl. ¶¶ 61, 79, 90.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|----------|-------------------------|------|------------------|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

## III.  LEGAL STANDARD

### A.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a  cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | | Date | January 14, 2016 |
|----------|--------------------------|---|------|------------------|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | | |

in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B.   Heightened Pleading Requirements for Fraud under Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity.  Fed. R. Civ. P. §9(b).  Rule 9(b)'s heightened pleading requirements apply where a complaint specifically alleges fraud as an essential element of the claim, is "grounded in fraud," or "[sounds] in fraud."  Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003).  A claim is considered to be "'grounded in fraud'" or "'sounds in fraud'" where the plaintiff alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim."  Id. at 1103.  But where a plaintiff simply alleges "some fraudulent and some non-fraudulent conduct," only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements.  Id. at 1104 ("The rule does not require that allegations supporting a claim be stated with particularity when those allegations describe non-fraudulent conduct.").

A pleading meets Rule 9(b)'s heightened pleading requirements when a false statement is alleged and "circumstances indicating falseness" are set forth.  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994), superseded by statute on other grounds as stated in SEC v. Todd, 642 F.3d 1207, 1216 (9th Cir. 2011).  Because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

Rule 9(b) requires that a pleading "[identify the] circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations," the plaintiff must "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973); Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## IV.    DISCUSSION

The East West defendants argue that plaintiffs fail to state a claim for which relief can be granted pursuant to Rules 12(b)(6) and 9(b) because plaintiffs (1) do not sufficiently plead alter ego liability as to defendant East West Bancorp, Inc.; (2) do not meet their heightened 9(b) pleading requirements for their predicate fraud claim against Charter Investments; and (3) do not sufficiently plead East West's actual knowledge of Charter's alleged fraud and therefore fail to state claims against East West for aiding and abetting Charter's fraudulent conduct.  The Court reviews the merits of these arguments in the discussion that follows.

### A.    Pleading Alter Ego Liability for Defendant East West Bancorp, Inc.

The East West defendants first argue that East West Bancorp, Inc. ("East West Bancorp") is not a proper party to the current action because parent companies generally are not liable for the alleged misconduct of a subsidiary entity (in this case, "East West Bank").  Motion at 9; see United States v. Bestfoods, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries.") (internal quotation marks and citations omitted).  Specifically, East West argues that because "[p]laintiffs erroneously plead that East West Bancorp, Inc., rather than its operating subsidiary, East West Bank, is the defendant that opened the Charter account and facilitated the wire transfers at issue here" and "[p]laintiffs do not otherwise allege any alter ego relationship," East West Bancorp should not be held liable as a parent company. See Motion at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|----------|-------------------------|------|------------------|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

Without reference to supporting caselaw, plaintiffs contend that four paragraphs in the complaint "clearly contain[]" allegations of an alter ego relationship between East West Bank and East West Bancorp. Opp'n at 10 (citing Compl. ¶¶ 21-25). However, as East West notes, these paragraphs merely contain a series of boilerplate alter ego allegations, as to all defendants, that are insufficient to plead an alter ego relationship between defendants East West Bancorp and East West Bank. See, e.g., id. ¶ 22 ("Defendants and each of them were and are inadequately capitalized and have no genuine or separate existence, but were and are used and are existing for the sole purpose of permitting the other Defendants to transact a portion of their business under a separate guise."), ¶ 25 ("Failure to pierce the corporate veil would promote injustice and, based thereon, Defendants and each of them are jointly and severally liable with the other Defendants.").

Such "[c]onclusory allegations of 'alter ego' status are insufficient to state a claim," as plaintiffs in the instant action "must allege specifically both of the elements of alter ego liability, as well as facts supporting each." Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003) (Morrow, J.); see also Sandoval v. Ali, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) (plaintiffs did not "adequately" allege an inequitable result by stating "conclusorily that 'an inequity would result if the corporations were not viewed as alter egos of each other and the [defendants].'"). Indeed, California courts "generally require some evidence of bad faith conduct on the part of defendants before concluding that an inequitable result justifies an alter ego finding." Neilson, 290 F. Supp. 2d at 1117 (dismissing claims asserted on an alter ego theory of liability against defendant Comerica Bank because complaint failed sufficiently to allege "that Comerica engaged in any bad faith conduct in its acquisition and/or management of [its wholly-owned subsidiary and co-defendant]"). Plaintiffs' boilerplate allegations of alter ego liability, asserted generally and as to all defendants, "are too conclusory to survive a motion to dismiss." Sandoval, 34 F. Supp. 3d at 1040.

Accordingly, defendant East West Bancorp is hereby **DISMISSED** from this action without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|----------|--------------------------|------|------------------|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

### B.   Predicate Fraud Claim Against Defendant Charter Investments

The East West defendants argue that because plaintiffs fail sufficiently to plead with requisite particularity pursuant to Rule 9(b) the underlying fraud claim against defendant Charter Investments, plaintiffs' claim against East West for aiding and abetting the underlying fraud also must fail.  See Motion at 14; Richard B. LeVine, Inc. v. Higashi, 32 Cal. Rptr. 3d 244, 249 (Cal. Ct. App. 2005) ("[A]iding and abetting . . . liability depends upon the actual commission of a tort.").  As East West rightly notes, plaintiffs' underlying claim against Charter for fraud must be pled with particularity pursuant to Rule 9(b) and accordingly must specify "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  Schreiber Distrib. Co., 806 F.2d at 1401; See Vess, 317 F.3d at 1106 ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.") (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

Upon reviewing the allegations in the complaint, as summarized *supra* at Part II, the Court concludes that plaintiffs' underlying fraud claim against Charter is pled with requisite particularity such that it "give[s] defendant[] [Charter Investments] notice of [its] particular misconduct . . . so that [it] can defend against the charge and not just deny that [it] ha[s] done anything wrong."  Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotations and citation omitted).  Plaintiffs' complaint alleges that from "at least October of 2013 continuing through March of 2014," Charter fraudulently advertised, on internet domains like CharterInvestmentsInc.com, CharterInvestments-Inc.com, and CharterInvestmentsLLC, that it "offers investors brokered CDs."  Id. ¶ 26. More specifically, "Charter Investments falsely promised Plaintiffs that it was acting as a deposit broker and placing their money in certificates of deposit," and instead, upon receiving funds from investors, "wire transferred all monies [tendered by plaintiffs for CD investments] to third party accounts in banking secrecy havens."  Id.  The complaint provides specific dates on which each of the plaintiffs wired specific amounts to Charter's East West Bank account for CD investments, and further details the dates and amounts of Charter's subsequent transfers of the purported investment funds into alleged banking secrecy havens.  See id. ¶¶ 40-90.  Collectively, the fairly detailed assertions in the complaint provide Charter with sufficient notice of its alleged fraudulent conduct such that it can defend against the charge.  Kearns v. Ford Motor Co., 567 F.3d 1120,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

1124 (9th Cir. 2009); see also In re Easysaver Rewards Litigation, 737 F. Supp. 2d 1159, 1176-77 (S.D. Cal. 2010) (finding allegations detailing alleged misrepresentations made on website, accompanied by explanation as to why the alleged statements are false, to plead fraud with sufficient particularity).

East West next argues that even if plaintiffs' underlying fraud claim is adequately pled, plaintiffs' claim for aiding and abetting fraud fails because East West Bank, as a commercial bank, does not owe a duty to noncustomers such as plaintiffs. See Motion at 16. This argument misses the mark, however, because as discussed *infra*, plaintiffs' claim for aiding and abetting fraud does not rely upon the existence of *East West Bank's* duty to plaintiffs, but rather upon East West's (1) actual knowledge and (2) substantial assistance in support of *Charter's* alleged fraud, breach of fiduciary duty, and conversion. See Neilson 290 F. Supp. 2d at 1127 ("Under California law, [a claim of aiding and abetting an intentional tort] does not require that the aider and abetter owe plaintiff a duty so long as it knows the primary wrongdoer's conduct constitutes a breach of duty, and it substantially assists that breach of duty.") (citation omitted).

Accordingly, the Court declines to dismiss plaintiffs' aiding and abetting claims against East West Bank on the grounds that plaintiffs' underlying claim against defendant Charter Investments fails.[3]

**C.  Claims Against East West for Aiding and Abetting Charter's Intentional Torts (Fraud, Breach of Fiduciary Duty, and Conversion)**

Plaintiffs assert claims for aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and aiding and abetting conversion against the East West defendants. Under California law, "[l]iability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person . . . [1] *knows* the other's conduct constitutes a breach of duty and [2] *gives substantial assistance* or encouragement to the other to so act." Saunders v. Superior Court, 27 Cal.App.4th 832, 846 (1994) (emphasis

---

[3] In doing so, the Court need not reach the question of whether plaintiffs' complaint adequately asserts claims against individual defendants Michael Gurevich, William Kent, and Samson Emelianov.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|----------|--------------------------|------|------------------|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

added).  In the instant motion, East West argues that plaintiffs have failed sufficiently to plead (1) that East West had *actual knowledge* of Charter's fraudulent scheme, and (2) have further failed to plead that East West *substantially assisted* Charter in the execution of its fraudulent scheme.  The Court discusses the merits of these arguments in the discussion that follows.

### 1.   Aiding and Abetting Fraud (Plaintiffs' Sixth Claim)

#### a.   Actual Knowledge

For purposes of pleading an aiding and abetting fraud claim, substantial assistance of the underlying fraud "must be pleaded with particularity," while actual knowledge of the underlying fraud "may be averred generally."  Allstate Ins. Co. v. Countrywide Fin. Corp., 824 F. Supp. 2d 1164, 1188 (C.D. Cal. 2011) (citing Fed. R. Civ. Proc. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.")); see also In re First Alliance Mortgage Co., 471 F.3d 977, 993 (9th Cir. 2006) ("Although the California decisions on this subject may not be entirely consistent, we agree . . . that aiding and abetting liability under California law, as applied by the California state courts, requires a finding of actual knowledge, [but] not specific intent."). Although "this obviates the necessity of pleading detailed facts supporting allegations of knowledge, it does not relieve a pleader of the burden of alleging the nature of the knowledge a defendant purportedly possessed."  Neilson, 290 F. Supp. 2d at 1119.  When pleading an aiding and abetting claim, "this must be *actual knowledge of the primary violation*."  Id. (emphasis added) (citation omitted).  In this case, therefore, plaintiffs must plead that defendant East West had actual knowledge of Charter's fraudulent activity—i.e., of Charter's (1) online offering of brokered, FDIC-insured CD's and (2) Charter's fraudulent diversion of investors' funds to third-party accounts in overseas banking secrecy havens.  Upon a review of the pertinent allegations, the Court concludes that plaintiffs' complaint sufficiently pleads actual knowledge of Charter's underlying fraud.

The complaint states that "[d]efendant East West Bank, as part of its enhanced due diligence procedures, was required to, and did visit the Charter Investments websites," Compl.  ¶ 94, and thus knew that "[f]rom at least October of 2013 continuing through March of 2014" Charter was offering investors brokered CDs, id. ¶ 39.  Crucially, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|----------|--------------------------|------|-------------------|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

complaint further alleges that "early on[,] while millions of dollars remained in [Charter's East West Bank] account, at least the Balboa Branch Manager of East West Bank *determined Charter Investments to be an illegitimate and fraudulent entity*." Id. ¶ 92 (emphasis added). Although it would be insufficient for the complaint merely to allege, as it does, that "[a]ny investigation of Charter . . . *would have* set off alarm bells" and that East West "had *concerns* about [Charter's] legitimacy," the complaint does not limit itself to such general allegations. Id. ¶ 27, 37 (emphasis added). More specifically, plaintiffs plead actual knowledge by unequivocally stating that East West Bank "did determine [that] Charter Investments was a fraudulent scheme, but did not cease doing business with it," choosing instead to continue "approv[ing] international wire transfers to the banking secrecy havens until the account was drained of Plaintiffs' money." Id. ¶ 27. The complaint provides additional details, noting that "at least" the Balboa Branch Manager of East West Bank (1) "determined that investors were depositing IRA and normal cash into the single Charter Investments account;" (2) "determined that the investment money was quickly transferred from the Charter Investments account to third party accounts in banking secrecy havens" (and not towards certificates of deposit); and (3) accordingly "suggested freezing the account," to no avail. Id. ¶ 92.

Despite such purported knowledge, East West Bank nonetheless allegedly decided that "it would simply monitor the account activity" because of "its relationship with [a certain] High Value customer, wh[o] had stood as a reference with Charter Investments." Id. Furthermore, with respect to the investments of at least two plaintiffs, the complaint states that East West—allegedly "knowing that Charter Investments was a fraudulent company"—approved Charter's requested wire transfer of these plaintiffs' funds even after East West itself called the plaintiffs' respective banks to inform them that Charter was under investigation for fraud.[4] Id. ¶¶ 96-97. The Court finds that such allegations

---

[4] The Court rejects East West's argument that plaintiffs fail adequately to plead these particular allegations regarding East West's *knowledge* of the underlying fraud on the grounds that the complaint does not "set forth 'when' this 'fraud' occurred, 'who' was involved in the fraudulent act, 'where' it took place, or 'when' East West Bank contacted the Plaintiff[s'] bank." Motion at 13 (citing Vess, 317 F.3d at 1106). In advancing this argument, East West appears to be arguing that plaintiffs must plead East West's alleged *knowledge* of the underlying fraud with particularity; however, as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

plead with sufficient particularity that "defendant[] [East West Bank] had actual knowledge of [the] specific primary violation" committed by Charter. <u>Neilson</u>, 290 F. Supp. 2d at 1120.

Defendants resist this conclusion, arguing that plaintiffs fail adequately to plead that East West Bank had actual knowledge of Charter's fraud under the standard established by the California Court of Appeals in <u>Casey v. U.S. Bank Nat'l Ass'n</u>, 127 Cal. App. 4th 1138 (2005). <u>See</u> Motion at 19. Defendants argue that the present case is factually analogous to <u>Casey</u>, wherein the court determined that plaintiff's claim for aiding and abetting breach of fiduciary duty (not fraud) failed because plaintiff failed to plead actual knowledge. <u>See</u> <u>Casey</u>, 127 Cal. App. 4th at 1141. The court in <u>Casey</u>

———————————————

explained *supra*, for purposes of pleading an aiding and abetting fraud claim, such knowledge may be averred generally, and need not be pled with the particularity typically required by Rule 9(b). Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Relatedly, the Court also rejects East West's argument that because many of plaintiffs' allegations are based on "information and belief," plaintiffs have failed sufficiently to "state the factual basis for the belief," as required under Rule 9(b). Motion at 18 (quoting <u>Neubronner v. Milken,</u> 6 F.3d 666, 672 (9th Cir. 1993)). As East West notes, "the general rule that allegations of fraud based on information and belief do not satisfy Rule 9(b) may be relaxed with respect to matters within the opposing party's knowledge. In such situations, plaintiffs can not be expected to have personal knowledge of the relevant facts." <u>Neubronner</u>, 6 F.3d at 672. Nonetheless, "this exception does not nullify Rule 9(b); a plaintiff who makes allegations on information and belief must state the factual basis for the belief." <u>Id.</u> The Court finds, viewing the complaint in its entirety, that plaintiffs have "satisf[ied] this relaxed version of Rule 9(b)." <u>Id.</u> The complaint here does more than merely allege "suspicious circumstances" to support the factual basis for plaintiffs' allegations of fraud and aiding and abetting such fraud. <u>Id.</u> Again, with respect to pleading East West's actual knowledge of such fraud, such knowledge "may be averred generally" and must only be supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Allstate Ins. Co.</u>, 824 F. Supp. 2d at 1188 (citation and quotation marks omitted). The Court finds that this requirement was met here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|----------|-------------------------|------|------------------|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

explained that "the banks' alleged knowledge of the [primary alleged tortfeasor's] suspicious account activities—even money laundering—*without more*, does not give rise to tort liability for the banks." Id. at 1151 (emphasis in original). Accordingly, merely alleging that the banks "knew that the [tortfeasors] were engaged in wrongful or illegal conduct . . . in breach of their fiduciary duties" does not sufficiently plead that the banks had actual knowledge that the tortfeasors were misappropriating plaintiff's funds. Id. at 1152. "On the other hand," the court explained, "it is equally clear that if the [plaintiff] can allege the banks knew the [tortfeasors] were stealing corporate funds and knowingly assisted the [tortfeasors] in laundering this stolen money, those allegations would suffice to state a claim for aiding and abetting the theft (or breach of fiduciary duty)." Id. at 1151.

In the instant case, the Court finds that plaintiff's complaint is not appropriately analogized to the complaint in Casey, wherein the plaintiff failed to plead actual knowledge with sufficient specificity by "essentially alleg[ing] the banks knew *something* fishy was going on with the accounts opened by the [tortfeasors]." Id. at 1149. Rather, the Court concludes that the instant case is more analogous to others in which the plaintiff was found to have alleged actual knowledge with sufficient particularity. See, e.g. Gonzales v. Lloyds TSB Bank, PLC, 532 F. Supp. 2d 1200, 1207 (C.D. Cal. 2006) ("Because Rule 9(b) provides that 'malice, intent, knowledge, and other condition of mind may be averred generally,' and because Plaintiffs have alleged facts in support of their allegation of knowledge, the Court finds that Plaintiffs have more than adequately satisfied Rule 9(b)'s pleading requirements for knowledge."); Mosier v. Stonefield Josephson, Inc., No. CV 11-2666 PSG EX, 2011 WL 5075551, at *8 (C.D. Cal. Oct. 25, 2011) (distinguishing Casey and finding that plaintiff adequately pled actual knowledge of the underlying intentional tort); see also Neilson, 290 F. Supp. 2d at 1121.

**b.      Substantial Assistance**

In addition to East West's actual knowledge of the underlying fraud, the Court finds that the complaint also adequately pleads substantial assistance, stating, *inter alia*, that "[East West] played an integral role in [Charter's] operation and success," Compl. ¶ 27, and "substantially assisted" Charter Investments by "approving and conducting numerous wire transfers from the Charter Investment accounts at East West Bank to bank accounts in Banking Secrecy Havens held by unknown entities," id. ¶ 95, even after "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|----------|-------------------------|------|------------------|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

Balboa Branch Manager determined that Charter Investments [was] an illegitimate and fraudulent entity," and in some cases (as explained *supra*) after East West informed other banks of the investigation into Charter's alleged fraud.  Id. ¶¶ 93, 96, 97.  As the California Court of Appeals explained in Casey,

> [C]ommon sense tells us that even "ordinary business transactions" a bank performs for a customer can satisfy the substantial assistance element of an aiding and abetting claim if the bank actually knew those transactions were assisting the customer in committing a specific tort.  Knowledge is the crucial element.  We thus reject the banks' challenge to the sufficiency of the substantial assistance allegations, and focus instead on whether the [plaintiff] adequately alleged the knowledge element of the aiding and abetting claim.

Casey, 127 Cal. App. 4th at 1145; see also Mosier, 2011 WL 507551, at *7 ("[E]ven 'ordinary business transactions can constitute substantial assistance for purposes of aiding and abetting liability, if the defendant actually knew the transactions were assisting the tortfeasor in committing a specific tort.") (citation omitted).

Thus, under the relevant standards established by California law, the Court finds that plaintiffs have adequately pled both East West's actual knowledge of Charter's fraudulent conduct, as well as East West's substantial assistance in support thereof.  See Neilson, 290 F. Supp. 2d at 1127.  Accordingly, the Court declines to dismiss plaintiff's claim against defendant East West Bank for aiding and abetting fraud.

### 2. Aiding and Abetting Breach of Fiduciary Duty (Plaintiffs' Fourth Claim)

East West argues that plaintiffs' claim for aiding and abetting breach of fiduciary duty is "grounded in fraud" and is therefore subject to Rule 9(b)'s heightened pleading requirements, which, defendants contend, plaintiffs have failed to meet.  See Motion at 17.  However, the Court finds that even if the aiding and abetting breach of fiduciary duty claim is grounded in fraud, the complaint meets the heightened pleading requirements of Rule 9(b); accordingly, the Court declines to dismiss plaintiffs' fourth claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

East West argues that because plaintiffs fail sufficiently to allege that Charter Investments owed a fiduciary duty to plaintiffs, East West cannot be held liable for aiding and abetting any alleged breach of fiduciary duty.  Motion at 17; Levine, 32 Cal. Rptr. at 250 ("Unless plaintiff's partners . . . committed the underlying tort alleged here, i.e., breach of fiduciary duty, [defendant] cannot be held liable either as a conspirator or as an aider and abettor.").  In order to plead a cause of action for breach of fiduciary duty, "there must be shown [1] the existence of a fiduciary relationship, [2] its breach, and [3] damage proximately caused by that breach." Pierce v. Lyman, 1 Cal. App. 4th 1093, 1101 (1991).  Defendants cite to the California Court of Appeals' decision in Copesky v. Superior Court, which states that "well-established authority" in California stands for the "proposition that the relationship between a bank and its depositor is *not* a fiduciary relationship, but that of debtor-creditor."  229 Cal. App. 3d 678, 693 (1991) (emphasis in original).  In light of such authority, East West asserts that Charter's relationship to plaintiffs was not fiduciary in nature but rather "more akin to a 'bank-depositor' relationship," Motion at 18, as the complaint alleges that Charter agreed to place plaintiffs' "money in certificates of deposit at FDIC insured banks."  Compl. ¶ 26.  Put simply, East West contends that just as "there would be no fiduciary relationship between a depositor and a bank where the depositor bought a CD, a purported *broker* for such a CD would not owe a fiduciary duty to the depositor."  Motion at 18 (citing Copesky, 229 Cal. App. 3d at 692).

For purposes of the instant motion, the Court disagrees.  First, the Court notes that "[t]he existence of a fiduciary duty is generally a question of fact which cannot be resolved at the motion to dismiss stage." Cruz v. United States, 219 F. Supp. 2d 1027, 1039 (Breyer, J.) (N.D. Cal. 2002) (citing Michelson v. Hamada, 29 Cal.App.4th 1566, 1576 (1994)).  Generally, a "fiduciary relationship may exist where one party voluntarily accepts the trust and confidence of another and enjoys a superior position of influence over the trusting party."  In re Daisy Systems Corp., 97 F.3d 1171, 1178 (9th Cir. 1996).  In the instant case, plaintiffs plead that "Charter had a fiduciary duty to its investors to invest the money as promised"—i.e., to "act[] as a deposit broker and plac[e] their money in certificates of deposit at FDIC insured banks," as promised on Charter's various websites.  Compl. ¶¶ 26, 109.  Construing the facts alleged in the complaint in favor of the non-moving party, the Court finds that plaintiffs adequately plead the existence of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

fiduciary relationship.  See Houck v. Substitute Trustee Services, Inc., 791 F.3d 473, 484 (4th Cir. 2015) ("To survive a motion to dismiss, a plaintiff need not demonstrate that her right to relief is probable or that alternative explanations are less likely; rather, she must merely advance her claim 'across the line from conceivable to plausible.'") (quoting Twombly, 550 U.S. at 570); see also Estate of Migliaccio v. Midland Nat'l. Life Ins. Co., 436 F. Supp. 2d 1095, 1108 (C.D. Cal. 2006) (finding breach of fiduciary duty where "defendants trained their sales agents to lure senior citizens into their confidence" by offering estate and financial planning assistance but then sold them improper annuities).

East West nonetheless contends that even assuming that plaintiffs have adequately pled a fiduciary duty, plaintiffs have failed to plead East West's actual knowledge of the violation of any such duty.  The complaint pleads that "East West Bank knew Charter Investments had a fiduciary relationship to its investors," "knew that Charter Investments breached that fiduciary duty by wire transferring the investors' money to third party, overseas accounts in banking secrecy havens," and thus "aided and abetted Charter Investments by approving and conducting [the] numerous wire transfers totaling 5 million dollars in investor funds."  Compl. ¶¶ 113-114.  The Court agrees with East West's assertion that such conclusory paragraphs, standing alone, "are bare legal assertions" which solely "mirror the legal standard for liability," and by themselves do not "allow the Court to draw an inference of liability."  Allstate Ins. Co., 824 F. Supp. 2d at 1189.  However, the Court finds that the remainder of the complaint sufficiently alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citation omitted).  Specifically, one could reasonably infer that East West had actual knowledge of a fiduciary duty between Charter and those plaintiff-investors who called to tell East West that they "w[ere] going to invest with Charter Investments" and accordingly spoke to representatives of East West Bank to confirm that Charter maintained a "legitimate" bank account before wiring their investment funds.  See Compl. ¶¶ 41, 45, 75 (regarding the investments of plaintiffs Cole, Lorenz and Woolbright); see also id. ¶ 92 (alleging that East West's Balboa Branch Manager "determined that investors were depositing IRA and normal cash into the single Charter Investments account").  In light of such allegations, the Court finds that plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

have sufficiently pled East West's knowledge of a breach of fiduciary duty.[5]  See Gonzales, 532 F. Supp. 2d at 1207 (C.D. Cal. 2006) ("As to Defendant's knowledge of the breach of fiduciary duty, Plaintiffs allege: [']The Defendants at all material times had actual knowledge of the . . . [other parties'] fiduciary duties to Plaintiffs with respect to Plaintiffs' investments . . . .[and] at all material times knew that . . . [they] were violating their fiduciary duties to their clients . . . .['] Plaintiffs have adequately pled the element of knowledge.").

### 3.    Aiding and Abetting Conversion (Plaintiffs' Second Claim)

The East West defendants argue that plaintiffs' claim for aiding and abetting conversion is "grounded in fraud" and is therefore subject to Rule 9(b)'s heightened pleading requirements, which plaintiffs purportedly fail to meet.  See Motion at 19.  In conclusory fashion, the complaint asserts that East West Bank "knew" that plaintiffs' funds transferred to "Charter's account" were "for [plaintiffs'] own benefit," and further "knew" that Charter "wrongfully interfered with plaintiffs' right to their money" by wire transferring such funds to "overseas accounts . . . ."  Compl. ¶¶ 104-105.  As with the complaint's allegations regarding aiding and abetting breach of fiduciary duty, "[t]hese paragraphs are bare legal assertions" and simply "mirror the legal standard for liability, but . . . provide no facts, particular or general, which would allow the Court to draw an inference of liability."  Allstate Ins. Co., 824 F. Supp. 2d at 1189.  However, because plaintiffs' conversion claim is based upon the same alleged fraudulent transfers of plaintiffs' investment money to overseas banking secrecy havens, the Court concludes that the aiding and abetting conversion claim survives the instant motion for reasons outlined *supra* in the Court's discussion of plaintiffs' predicate fraud and aiding and abetting fraud claims.

---

[5] For the same reasons outlined in the Court's discussion of East West's alleged aiding and abetting fraud, the Court also finds that the complaint sufficiently pleads that East West substantially assisted Charter Investments' breach of fiduciary duty by allegedly approving and placing wire transfers to third party overseas banking secrecy havens.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

**E.   Violation of California Business & Professions Code 17200 <u>et seq.</u> (Plaintiffs' Seventh Claim)**

California Business and Professions Code § 17200, California's unfair competition law (the "UCL"), proscribes unfair competition by prohibiting "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  While the UCL "imposes liability only for a party's 'personal participation in the unlawful practices[,]' . . . it is sufficient that the defendant aided and abetted the principal violator." <u>Plascencia v. Lending 1st Mortgage</u>, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (quoting <u>People v. Toomey</u>, 157 Cal.App.3d 1, 14, 203 Cal.Rptr. 642 (1984)).  In the instant motion, East West argues that (1) because plaintiffs' section 17200 claim is based on their underlying fraud theory against Charter, the claim fails to satisfy Rule 9(b) and should be dismissed, <u>see</u> Motion at 23 (citing <u>In re Google, Inc.Privacy Policy Litig.</u>, 58 F. Supp. 3d 968, 984 (N.D. Cal. 2014) ("If the unlawful conduct is part of a uniform course of fraudulent conduct, it must meet Rule 9(b)'s heightened pleading standards.")); and (2) because, in East West's view, the complaint fails sufficiently to plead "actual knowledge" against East West Bank for aiding and abetting fraud, breach of fiduciary duty, or conversion, the UCL claim necessarily also fails on this ground.

These arguments fail, however, as the Court has concluded that plaintiffs have adequately pled their underlying fraud claim against Charter, and further have adequately pled East West's actual knowledge of Charter's alleged tortious conduct.  <u>See</u> *supra*.  Accordingly, the Court finds that plaintiffs have adequately pled their UCL claim against defendant East West Bank.

**V.   CONCLUSION**

In accordance with the foregoing, the Court **DENIES** defendants' motion to dismiss the claims asserted against defendant East West Bank.  The Court **GRANTS**, without prejudice, defendants' motion to dismiss all claims asserted against defendant East West Bancorp, Inc., as plaintiffs' have failed sufficiently to plead alter ago liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06336-CAS(FFMx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | RAE H. LORENZ, ET AL. v. EAST WEST BANCORP, INC. ET AL. | | |

Plaintiffs shall have until and including **Monday, February 8, 2016** to file a first amended complaint addressing the deficiencies identified herein.  Failure to do so may result in dismissal of defendant East West Bancorp, Inc. with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |